```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

SHONEY'S NORTH AMERICA CORP.,   )
a Georgia corporation,          )
                                )
        Plaintiff               )
                                )
v.                              )       No. 3:09-0781
                                )       Judge Trauger/Brown
ELBANNA ENTERPRISE ONE, INC.,   )
a Florida corporation, and      )
KHALIL E. ELBANNA, a            )
Florida resident,               )
                                )
        Defendants              )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that default be entered against the Corporate Defendants in this matter: Elbanna Enterprise One, Three, Five and Seven, Inc.

### Background

A brief background of this case is set forth in the Magistrate Judge's order of January 15, 2010 (Docket Entry 58). The District Judge previously gave the Defendants until January 5, 2010, to have new counsel enter an appearance of record (Docket Entry 47, par. 3). Following referral by the District Judge to the undersigned for case management, the undersigned issued an additional order giving the Corporate Defendants 21 days in which to have an attorney enter an appearance in this matter and warning them that if they failed to do so, the Magistrate Judge would recommend that default be entered against the Corporate Defendants

for failure to be represented. As of the date of this report and recommendation, no attorney has entered an appearance for the Corporations. Proceedings as to Mr. Elbanna in his individual capacity have been stayed because of his bankruptcy (Docket Entry 51).

## Legal Discussion

The case law is clear that a corporation may not be represented even by its president unless the president is, in fact, an attorney. *Terrell Demolition*, *Inc. v. City of Cincinnati*, 1986 WL 16576 (unpublished opinion 6th Cir 1986) citing *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir 1982). Despite being given an opportunity to have counsel enter an appearance and having been warned of the consequences of failing to do so, no attorney has made an appearance on behalf of any of the four corporations.

If this report and recommendation is approved, the Plaintiff should then file a motion for the entry of a default judgment.[1]

## Recommendation

For the reasons stated above, the Magistrate Judge recommends that a default be entered as to all Corporate Defendants in this matter.

---

[1] Given the bankruptcy of Mr. Elbanna and the apparent closing of the four Elbanna enterprises, it may well be that the Plaintiff is drilling a dry hole and, in effect, throwing good money after bad. However, it is clearly their right to persist in this litigation against the corporations if they choose to do so.

2

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have 14 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 8th day of February, 2010.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge