UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHONEY'S NORTH AMERICA CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:09-cv-00781 |
| ) | Judge Trauger |
| v. ) | |
| ELBANNA ENTERPRISE ONE, INC., *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Following the entry of default for failure to retain counsel against the four entity defendants in this case, the plaintiff, Shoney's North America Corp. ("Shoney's"), has moved for the entry of a default judgment against these four entities, all of which used to be associated with a Shoney's restaurant franchise. (Docket Nos. 69 and 71.)

In addition to various sanctions that were already imposed on the defendants throughout the course of this litigation, Shoney's seeks "several categories of monetary damages," that is, (1) "contractual liquidated damages against each Defendant, due to the premature termination of Shoney's franchise agreements with Defendants," (2) "trademark infringement, false designation of origin, unfair competition and trademark dilution damages against each Defendant . . . as a result of Defendants continued unauthorized use of Shoney's trademarks after the termination of the franchise agreements," (3) "reasonable attorneys' fees and costs . . . incurred in connection with this matter," and (4) "pre-judgment interest on its liquidated and trademark infringement damages at the statutory rate of ten percent per annum . . . ." (Docket No. 71 Ex. B at 6-16.)

1

The plaintiff maintains that the court should, pursuant to Federal Rule of Civil Procedure 55(b)(1), simply direct the Clerk of the Court to enter a judgment for the requested amount because the sum requested "can be made certain by computation." (*Id.* at 6; Fed. R. Civ. P. 55(b)(1)).

The court is reasonably satisfied with the plaintiff's showing as to the first category of damages; that is, the plaintiff has clearly explained, with citations to the record and the relevant agreements, how it arrived at the precise liquidated damages due from each entity. (Docket No. 71 Ex. B at 6-8.) The court is not, however, sufficiently satisfied by the plaintiff's showing as a whole to enter a default judgment of a certain amount in favor of the plaintiff at this time. For instance, while the plaintiff submits declarations from counsel in support of its claimed $121,782.50 in attorneys' fees, the plaintiff's filings do not include task descriptions or billing records/invoices that would allow the court to evaluate whether the fees were reasonably incurred. (Docket No. 71 Ex. C-D.) Additionally, the plaintiff concedes that it was forced to "estimate[]" the trademark infringement damages (that is, the second category of damages noted above), and it is frankly difficult to evaluate the reasonableness of the plaintiff's estimations based solely upon this briefing. (Docket No. 71 Ex. B at 9.) Moreover, the plaintiff leaves the court entirely at sea as to how to calculate pre-judgment interest based upon the facts of this case. (*See Id.* at 18.)

In light of this, the plaintiff's assertion that the court can properly direct the Clerk of the Court to enter a default judgment under Rule 55(b)(1) because there is a sum that, at this time, "can be made certain by computation" is not correct. When "to enter or effectuate judgment," the court needs to "determine the amount of damages," the court may "conduct hearings or make

2

referrals." Fed R. Civ. P. 55(b)(2).  The court, therefore, **REFERS** the plaintiff's Motion for Default Judgment (Docket No. 71) to the Magistrate Judge to gather further evidence in support of the plaintiff's claimed damages.  The Magistrate Judge should conduct further proceedings and entertain further briefing as he sees fit, and then issue a Report and Recommendation advising the court as to a specific award.

It is so Ordered.

Entered this 12th day of April 2010.

ALETA A. TRAUGER
United States District Judge